Porter, J.
delivered the opinion of the court. The petition avers, that the defend *329 ant employed the plaintiff as overseer for the year 1819, and that he was to be paid $600 for his services in case he made a good crop, and $500 at all events; that he did serve the defendant faithfully until about the month of September of the same year, when he was drove off without any good cause or provocation; and that by reason thereof, he is entitled to demand and receive the said sum of $600.
There is another count for work and labour, averring it to be worth the sum just stated.
The cause was submitted to a jury who found for the plaintiff $450, after deducting $23, a credit to which the defendant was entitled.
Our law has provided, that if a person, filling the situation of the plaintiff, has engaged his services for a certain time, and is turned away without a just ground of complaint, that he has a right to be paid for the whole period for which he has contracted. While, on the other hand, should he depart from his employer, before his engagement is closed, he loses all claim to wages. Civil Code, 382. arts. 59, 60.
*330 In the case before us, the only proof of the causes which induced the appellee to quit the appellant's service, is derived from the confessions of the parties; and as the note taken of the testimony does not state by whom the witnesses were introduced, nor on whose examination their declarations were given in evidence, it is impossible, to decide whether he was properly dismissed or not. The inquiry, however, is not very material, as it is shown the parties made a special contract, which takes the case out of the general rule.
Davis, who it appears by an affidavit for a continuance, was a witness for plaintiff, deposed, that he was called on by the parties to be present at a verbal contract between them; that the sum to be given, he did not recollect: that there was something extra in case a good crop was made, and that if they disagreed, Sprigg was to pay Johnston what his labour was worth.
The appellant acknowledged in open court on the trial, that the wages agreed on were $500; and that in case a good crop was made, and he was satisfied with it, he would pay $100 more; but the last sum he declared was optional with him.
*331 The testimony establishes, that thirty-three bales of cotton were made, but it does not inform us if this is a good crop for the number of hands employed.
It was proved, that Johnston entered into the service of the appellant early in the spring, and went off at the commencement of cotton picking. This is not a very accurate way of giving dates. Taking it to mean from the first of March to the first of September, will satisfy these expressions; and it agrees with the statement in the plaintiff's petition. This gives a period of six months, that the plaintiff served the defendant.
For these six months' service, the jury gave a verdict of $450, or rather for $473; as they expressly state they do so, after deducting $23 of a set off proved by the appellant; and yet the defendant had only contracted to pay $500, if the appellee should serve him double that time. It is impossible to reconcile this finding with the evidence; and it is directly opposed to what we understand to be the justice of the case. The verdict would have been correct, if the wages, had been $946 per annum.
We have great reluctance to disturb the *332 verdict of a jury; and in cases where damages were assessed, fraud put at issue, or the evidence was contradictory, instead of exercising the power of reversing their verdict where we differed in opinion, we have generally remanded the cause for a new trial; convinced that the ends of justice could be better attained by that course, than acting at once on the testimony sent up. 10 Martin, 66, 11 ibid. 190, 281, 686.
In the case now before us, which is one simply of contract, where the evidence is clear and presents no contradiction, and neither knowlege of witnesses or parties can assist in the investigation, this necessity does not exist. Credibility is not to be weighed, nor damages assessed; and the issue joined must be decided by applying the first rules of arithmetic to the evidence taken. We could not, therefore, be aided in our ultimate decision of the case by another verdict, and the ends of justice do not require we should remand it.
The plaintiff ought to recover $250 for six months' service, being the one-half of $500, to which he would have been entitled had he remained in the employment of the defendant the entire year. From it is to be deducted $23, which the latter proved as a set off.
Thomas for the plaintiff, Wilson for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that the plaintiff do recover of the defendant the sum of $227 with costs of the court in the first instance, and that the appellee pay those of the appeal.